UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| TRUONG CONG VU, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-01587-TWP-DKL |
| | ) | |
| SUPERINTENDENT New Castle Correctional Facility, | ) ) | |
| | ) | |
| Respondent. | ) | |

**Entry and Notice**

This matter is before the Court on a Motion for Preliminary Injunction (Dkt. 14). Petitioner Truong Cong Vu ("Vu") is a state prisoner who challenges a prison disciplinary proceeding. He attempts to establish that the disciplinary proceeding is tainted by constitutional error.

The action is not yet fully briefed, although a schedule for that is in place. When fully briefed, the parties' arguments will be presented and the record will be appropriately expanded. The expanded record will then be evaluated to determine whether Vu has met his burden. *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010)("[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'")(quoting 28 U.S.C. § 2254(a)).

Vu's habeas petition challenges a single proceeding. That proceeding was an administrative hearing which resulted in Vu being found guilty of violating prison rules. Apparently believing that additional reports of misconduct may be issued, Vu has filed a motion for preliminary injunction seeking a prohibition against the filing of such additional reports. Of course, Vu is not "in custody" pursuant to any disciplinary proceeding except the one identified in

his habeas petition. Even if such a report been issued, and even if issued and Vu found guilty of whatever misconduct is alleged, only one "conviction" or proceeding may be challenged in any particular habeas case. Vu seeks what amounts to declaratory judgment prohibiting prison authorities from charging him with misconduct of a particular nature. That prohibition would set a dangerous and unwise precedent of interfering with the already complex and difficult task of running a prison. It would prohibit prison authorities from enforcing the rules which govern inmate conduct within the prison by setting in motion a procedure which may or may not extend anticipated the duration of Vu's confinement—depending on what sanctions, if any, are imposed. Vu's habeas claims, moreover, are not strong. *See, e.g., McKune v. Lile,* 536 U.S. 24, 49 (2002) (finding that, in a case where an inmate refused to participate in a sexual abuse treatment program, certain changes in living conditions, such as restrictions in visitation privileges, reduction in wages from prison employment, and a transference from a medium security to maximum security facility program, were not "serious enough" to constitute unconstitutional compulsion).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008)(citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)); *see also Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010) (citing *Winter*).

A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit. *Kaimowitz v. Orlando, Fla.,* 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. U.S.,* 325 U.S. 212, 220 (1945)).

The relief Vu seeks would circumvent the exhaustion requirement which Congress has put in place both as to habeas corpus actions, 28 U.S.C. § 2254(b), and actions challenging the conditions of a prisoner's confinement. See 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 731, 739 (2001). No reason is offered to invite such instability. Most significant of all, of course, is that Vu's motion for preliminary injunction is based on the expectation of behavior which has not occurred and on the assumption that Vu will not conform his behavior to that required by prison rules. The immunization of that behavior from its normal consequences by judicial fiat is impermissible.

Vu's motion for preliminary injunction is considered in light of the special environment of a prison, where administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted).

For the reasons explained above, therefore, the Motion for Preliminary Injunction (Dkt. 14) is **DENIED.**

IT IS SO ORDERED.

Date: 2/27/2015

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

TRUONG CONG VU   DOC #225187
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362