UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUONG CONG VU, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:14-cv-01587-TWP-DKL |
| ) | |
| SUPERINTENDENT New Castle Correctional ) | |
| Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

This matter is before the Court on Petitioner Truong Cong Vu's Petition for Writ of Habeas Corpus. The pleadings and the expanded record in this action brought by Vu show that he is challenging a prison disciplinary proceeding identified as No. NCF 14-06-0204 and that he is simultaneously challenging that proceeding in an Indiana state court. The challenge in state court is an action for post-conviction relief filed in Monroe Circuit Court, No. 53C05-0901-FB-0012. This case number is assigned to Vu's underlying convictions for criminal deviate conduct, two counts of criminal confinement, and sexual battery. The post-conviction relief has been assigned a separate docket number, that being No. 55C0-1407-FC-1239.

The petition for post-conviction relief in No. 55C0-1407-FC-1239 is part of the expanded record here. The grounds on which Vu sought post-conviction relief are set forth in paragraph 8 of the post-conviction petition, which states as follows:

> The Defendant would state the following grounds which are known to require the vacation or modification of the conviction and sentence entered in the above referenced cause of action, respectfully:

> a. That the Department of Correction requires that the Defendant participates in the InSomm Program, also requiring the Defendant to admit to the allegations of which he was convicted. The Defendant continues to maintain his innocence to the crime of which he was convicted, and as such, for his failure to admit, he continues to lose good time credit and is being housed in segregation.
>
> b. That the Defendant wishes to be released from the InSomm Program rather than provide an admission of guilt to the allegations of which he was convicted and continues to maintain his innocence.

It was noted in Entry of October 14, 2015 [dkt. 27], that the content of the petition for post-conviction relief, which remains pending, "continues to suggest that the present action was filed prematurely, meaning that it was filed before meaningful state court remedies have been fully exhausted" (citing *Baldwin v. Reese,* 124 S. Ct. 1347, 1349 (2004). Vu was therefore given a period of time in which to show cause "why the present action should not be dismissed without prejudice based on his failure to exhaust available remedies in the Indiana state courts before filing this action." Vu timely responded to the show cause notice. [dkt. 28].

Vu opposes dismissal for failure to exhaust, contending that in the post-conviction action he merely made reference to the disciplinary proceeding. However, a review of the post-conviction petition itself shows that the sole claim for relief was the requirement of the Indiana Department of Correction that Vu admit the allegations underlying the charges for the offenses of which he has been convicted, and that he suffers the loss of good time credit if he fails to make that admission. His habeas petition challenges the validity of a disciplinary proceeding in which he suffered the loss of credit time precisely because he failed to admit the same pertinent allegations.

Vu's petition for post-conviction relief seeks relief in the forms of (1) being released from the InSomm Program, and (2) his convictions in No. 53C05-0901-FB-0012 being vacated. The first form of relief is also what Vu sought in his motion for preliminary injunction filed on February

18, 2015. Vu has shown his complete awareness of the post-conviction action through, among other filings, his *Supplement to Memorandum* filed on December 8, 2014. It cannot be doubted that if Vu obtains the first form of relief in his action for post-conviction relief that the sanctions imposed in the disciplinary proceeding challenged in this habeas action would be nullified. That is key to determining whether the relief sought in the petition for post-conviction relief is the same as the relief sought in this action. Vu's contention that the claim in the petition for post-conviction relief is not cognizable under Indiana law insofar as he seeks relief from the disciplinary sanctions imposed because of his refusal to participate in the InSomm Program is at odds with the fact that the post-conviction petition was filed asserting precisely this challenge. This court will not declare the pending post-conviction action invalid, but will require Vu to complete the litigation of that action in the Indiana state courts.

Whether this court agrees or disagrees with Vu's contention is not relevant to this ruling, because, when a petitioner claims that he cannot obtain relief from the state courts the pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim. *White v. Peters,* 990 F.2d 338, 342 (7th Cir. 1993). Because Vu is pursuing post-conviction relief in the state trial court, and it is not appropriate for this court to rule that he cannot do so.

"[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims 'throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings.'" *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014), and citing 28 U.S.C. § 2254(b)(1)). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be

vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes,* 112 S. Ct. 1715, 1720 (1992). The only manner in which that purpose can be served is by dismissing this action without prejudice and allowing Vu to finish his challenge in the Indiana courts, if he elects to do so. Accordingly, the petition for writ of habeas corpus must be denied and the action is dismissed **without prejudice.**

## II.

Judgment consistent with this Entry shall now issue.

## III.

The court declines to issue a certificate of appealability in this case because the requirement for a certificate does not apply to an appeal from a decision in which a prison disciplinary proceeding is challenged. *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000), *cert. denied sub nom. Hanks v. Finfrock*, 531 U.S. 1029 (2000).

SO ORDERED.

Date: 11/13/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

TRUONG CONG VU
DOC #225187
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362